In re Howard K. HOLLADAY, f/d/b/a
Holladay Associates of
Boston, Debtor.

FIRSTBANK FINANCIAL
CORPORATION,
Plaintiff,

v.

Howard K. HOLLADAY and Philip
Strome, Trustee, Defendants.

Bankruptcy No. 81–01315–HL.
Adv. No. A81–986.

United States Bankruptcy Court,
D. Massachusetts.

April 21, 1982.

Robert D. Friedman, Offices of Allan Green, Boston, Mass., for plaintiff.

Robert P. Springer, Springer, Havey & Zeimian, Boston, Mass., for defendants/debtor.

Philip Strome, Salem, Mass., Trustee.

MEMORANDUM ON DISCHARGE

HAROLD LAVIEN, Bankruptcy Judge.

This is an action requesting the denial of a discharge pursuant to 11 U.S.C. § 727(a)(2) and (a)(4)(A).[1] Plaintiff alleges that the Debtor failed to list in his schedules an ownership interest in a Massachusetts business corporation, known as "Con-

1. § 727. Discharge
(a) The court shall grant the debtor a discharge, unless

(2) the debtor, with [intent] to hinder, delay, or defraud a creditor or an officer of the

trol Systems, Inc." and its principal asset, certain computer software. Plaintiff further alleges that the Debtor with intent to hinder, delay, or defraud creditors concealed property of the estate by not scheduling his interest in Control Systems, Inc., which interest is held in the name of the Debtor's wife, Jonnet K. Holladay.

The following facts were presented to the Court. Prior to January of 1976, the Debtor had been a general agent for the National Life Insurance Company doing business under the name of Holladay Associates. The Debtor testified that he resigned his general agency on December 10, 1975. The Debtor had participated in a number of sophisticated business transactions and owed significant amounts of money either directly or through guarantees. The Debtor was having liquidity problems and in January of 1976, he entered into a consolidation agreement with three of his creditors, State Street Bank and Trust Company, National Shawmut Bank of Boston, and Harbor National Bank. Before joining the agreement, Harbor National Bank insisted upon a paydown of $50,000 of the debt owed to it. This paydown was effectuated by having the Debtor's wife, Jonnet K. Holladay, grant a second mortgage on her house in Beacon Hill in the amount of $57,500 ($50,000 paydown and $7,500 for the bank's legal fees).

Many years earlier, the Debtor had established a corporation known as Premium Management, Inc. In 1964 or 1965, the Debtor had sold his interest in Premium Management, Inc. In December, 1975, the Debtor was a creditor of Premium Management. On December 19, 1975, he purchased some computer software from Premium Management in exchange for the cancellation of a $50,000 note. The Debtor testified that he had assisted in the conceptual development of the software and although in its then state its value was questionable, he had confidence in its potential future value.

On January 21, 1976, this software was transferred by the Debtor to his wife, "in consideration of payment received of $57,000." (Trial Exhibit 2). The actual consideration for the transaction was Mrs. Holladay's granting a second mortgage on her house so that her husband's debt to Harbor National Bank could be reduced and the settlement with his major creditors could go forward.

After this 1976 transaction, the software was stored in the basement of Mrs. Holladay's house along with some office furniture which was also transferred to Mrs. Holladay. The software remained in the basement until 1979 when Control Systems, Inc. was incorporated. Mrs. Holladay became the 100% owner of Control Systems, Inc. in April of 1979. In exchange for the stock, she transferred the software and office equipment, which was then valued at $207,500.

The stock of Control Systems, Inc. is the subject of the Plaintiff's claim of fraud. Plaintiff argued that Mr. Holladay developed the software, that the transfer to his wife was not an arms-length transaction, and that by some theory of a secret trust, Mr. Holladay has a real interest in Control Systems, Inc. beyond just being the president and treasurer.

The Court is sympathetic to the Plaintiff's argument. Mrs. Holladay had no business experience. I have some difficulty believing that in 1976, she would have placed any worth on this software which, at that time, was of questionable value. She and her husband both testified that Mr. Holladay decided to transfer this software

---

estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

   (A) property of the debtor, within one year before the date of the filing of the petition; or

   (B) property of the estate, after the date of the filing of the petition;

.   .   .   .   .

   (4) the debtor knowingly and fraudulently, in or in connection with the case—

   (A) made a false oath or account;

   (B) presented or used a false claim;

   (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

to her so that she would have some protection for her loan, and she did not question his judgment. I would have thought that if Mr. Holladay was concerned with protecting his wife, he would have given her an interest in his overriding commissions which, at that time, had a potential value of $550,000 to as high as $688,000. Additionally, one might have anticipated that in this loving family relationship some of the stock would have been given to the husband. There is also the fact that Mrs. Holladay was the 100% owner of Control Systems, Inc., but had no check writing authority. These circumstances certainly raise a credibility issue.

Nonetheless, lack of credibility is not a substitute for proof of affirmative facts, the burden of proof is on the Plaintiff and on the evidence presented, the Court must find that the Plaintiff failed to sustain that burden.[2] Even if the Debtor was insolvent when he transferred the software in 1976, it would not be a fraudulent conveyance since Mrs. Holladay gave value for the transfer. Since the transfer of the software to Mrs. Holladay in exchange for a mortgage on her house was a bona fide transaction and her assets then funded the new corporation, the Court finds that the Debtor did not make a false statement in failing to list any interest in Control Systems, Inc. as an asset on his schedules. Incidentally, as to intent to conceal, it appears that at the first meeting of creditors, the Debtor offered to make the books available and volunteered the facts concerning the new corporation.

The Court gave the Plaintiff 10 days to file a brief to indicate what facts the Court could rely on to find that Plaintiff had sustained its burden of proof. No brief was filed. The Court finds that on the facts presented, the Defendant should not be denied his discharge.

**2.** If this were a criminal case, I might refer to this finding as a scotch verdict.